# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

MURRAY COUNTY, OKLAHOMA,            )
COUNTY COMMISSIONERS, ex rel.,      )
MURRAY COUNTY OKLAHOMA, et. al.,    )
                                    )
            Plaintiffs,             )
                                    )
        v.                          )   No. CIV-11-84-FHS
                                    )
HOMESALES, INC., et al.,            )
                                    )
            Defendants.             )

## ORDER

Plaintiffs filed this Class Action on February 7, 2011, in the District Court for the Twelfth Judicial District, City of Sulphur, County of Murray, State of Oklahoma. The lawsuit concerns recovery of funds related to documentary stamps which are connected to the sale of property in the three counties. Defendants are sixteen financial institutions involved in the sale of property. On March 9, 2011, Defendant Homesales[1], Inc. filed a Notice of Removal in this court. On April 6, 2011, defendant JP Morgan Chase Bank joined in the Notice of Removal. The Notice of Removal argued this court has federal question jurisdiction as well as diversity jurisdiction. Plaintiff objected arguing this lawsuit does not meet the requirements for removal. Before the court is the Plaintiff's Motion to Remand (Doc. 8) and Plaintiff's Second Motion to Remand (Doc. 27) filed on April 19, 2011.

---

[1]Defendant Homesales, Inc.'s right to do business has been suspended by the Oklahoma Tax Commission. Pursuant to 68 O.S.A. Sec. 1212 (c), defendant Homesales, Inc.'s right to defend itself in this suit has been denied. However, the defendant JP Morgan Chase Bank joined in the Notice of Removal on April 6, 2011.

1

A civil action is removable only if the plaintiffs could have originally brought the action in federal court. 28 U.S.C. Sec. 1441 (a). Because federal courts are courts of limited jurisdiction, there is a presumption against federal jurisdiction. <u>Basso v. Utah Power & Light, Co.</u>, 495 F.2d 906, 909 (10th Cir. 1974). As a result, the court strictly construes the removal statutes and, as a general matter, must resolve all doubts against removal. <u>Fajen v. Found, Reserve Ins. Co., Inc.</u>, 683 F.2d 331, 333 (10th Cir. 1982). The court now turns to the merits of the motions to remand.

### **I. Federal Question**

Defendants removed this lawsuit pursuant to the provisions of 28 U.S.C. Sec. 1331, 1332 and 1441. First, the defendants argue this court has jurisdiction because the case invokes a question which arises under the laws of the United States. Defendants argue that under 12 U.S.C. Sec. 1819 (b)(2)(A) any case involving the FDIC must be brought in federal court. 12 U.S.C. Sec. 1819 (b)(2)(A) states that "except as provided in subparagraph (D), all suits of a civil nature at common law or in equity to which the Corporation [the FDIC] in any capacity is a party shall be deemed to arise under the laws of the United States." Defendants argue the FDIC became a party to this action for the purposes of federal jurisdiction when it was appointed receiver of defendant Millennium State Bank of Texas. Defendants contend as a result of the FDIC being appointed as a receiver for a party, this court has jurisdiction over this matter.

The court finds this argument fails because defendant Millennium State Bank of Texas has never been served. Under Oklahoma law, plaintiff had 180 days to serve the defendant

Millennium State Bank. 12 O.S.A. 2004 (I). Oklahoma law provides the defendant can be dismissed without prejudice if plaintiff fails to serve them during this time-frame. The 180 day time-frame would have expired in early August. Thus, defendant Millennium State Bank was never properly brought into the lawsuit. As a result, the court finds it cannot base federal jurisdiction on this premise.

## II. Diversity Jurisdiction

Defendants also removed this case under 42 U.S.C. Sec. 1331. Defendants allege diversity jurisdiction is appropriate because the defendants are diverse from the plaintiffs and the requisite amount in controversy has been met. Plaintiffs argue that diversity jurisdiction is not appropriate because under the Class Action Fairness Act defendants must establish that at least 5 million dollars is in controversy. Plaintiffs argue defendants clearly cannot meet that requirement.

First, the court should note that the Class Action Fairness Act is not applicable in this case. Defendants did not remove the case under this provision. They removed it under Federal Question and Diversity jurisdiction. Thus, the 5 million dollar threshold does not need to be met by defendants.

Second, it appears undisputed there is in fact diversity among the parties. The only remaining question for this court is whether the requisite amount in controversy has been met. The "amount in controversy" has been defined by the Tenth Circuit Court of Appeals as "an estimate of the amount that will be put at issue in the course of the litigation." McPhail v. Deere & Co., 529 F.3d 947, 956 (10th Cir. 2008). "The burden is on the party requesting removal to set forth, in the notice of removal itself, the

3

'underlying facts supporting the assertion that the amount in controversy exceeds $75,000.00.'" Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995). "Where the face of the petition does not affirmatively establish that the amount in controversy exceeds $75,000.00, the rationale of Laughlin contemplates that the removing party will undertake to perform an economic analysis of the alleged damages supported by the underlying facts." Archer v. Kelly, 271 F.Supp. 2d 1320, 1322 (N.D. Okla. 2003). The removing defendant bears the burden of proving these underlying facts supporting the assertion that the amount in controversy exceeds $75,000.00 by a preponderance of the evidence. McPhail, 529 F.3d at 955. In order for jurisdiction to be proper in this court, defendants as the removing party have the burden of showing that the requisite amount in controversy is met as to each plaintiff. Lovell v. State Farm Auto Insurance Co., 466 F.3d 893, 897 (10th Cir. 2006)(noting that in multiple plaintiff cases, each plaintiff must individually satisfy the amount in controversy requirement.)

The requisite amount in controversy is $75,000.00. 28 U.S.C. Sec. 1332 (a). In the state court petition, Murray County simply alleges that it has been damaged by the defendants in excess of $10,000.00. According to the statutory fees defendant could be liable to plaintiff for at least $1,000.00 for each violation where a documentary stamp tax was not paid. According to the records submitted with the Notice of Removal, Murray County appears to be alleging at least 60 incidents of possible failure to pay the tax. Thus, Murray County appears to be seeking at least $60,000.00 in damages. Regarding statutory penalties, Oklahoma law provides for at least two. First, a 50% penalty is imposed on any tax deficiency due to fraud. 68 O.S.A. Sec. 217 (F). Because Murray County is seeking more than $10,000.00 in allegedly unpaid taxes, more than $5,000.00 in

4

potential statutory penalties could also be at issue.  Second, Oklahoma law provides a penalty of up to 10% of the tax, and no more than $200.00 per defendant, on "each tax debtor who neglects, refuses or fails to pay delinquent taxes." 68 O.S.A. Sec. 231.1.  Because Murray County is seeking more than $10,000.00 in alleged delinquent taxes the statutory penalty puts at least another $1,000.00 in penalties at issue.  Further, plaintiffs seek punitive damages.  In the Notice of Removal, defendants state that punitive damages would likely exceed $10,000.00 given the amount of actual damages.  The defendant however, fails to provide any economic analysis to justify this amount. Defendants are required to provide detailed estimates or economic analysis to assist in establishing the potential amount in controversy. Herndon v. American Commerce Insurance Company, 651 F. Supp. 2d 1266, 1269-70 (N.D. Okla. 2009). Defendants simply failed to do this.  The record is completely void of evidence concerning the amount in controversy as to the other plaintiffs.  The court finds that the defendant has not met its burden to establish that the requisite amount in controversy has been met as to any of the three plaintiffs by a preponderance of the evidence. McPhail, 529 F.3d at 955. Accordingly, the court grants the plaintiffs' motions to remand.

IT IS SO ORDERED this 31st day of October, 2011.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma

5